No. 59482.—Arkwright Accessories, Inc., et al. v. United States, protests 220216–K, etc. (New York).

Opinion by Ford, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of United States v. The Specialty House, Inc., Bryant & Heffernan, Inc., et al. (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

No. 59483.—Durlacher & Co., Inc. v. United States, protests 258632–K, etc. (New York).

Opinion by Ford, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of United States v. The Specialty House, Inc., Bryant & Heffernan, Inc., et al. (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiff was sustained.

No. 59484.—Reuben Barr Co., Inc. v. United States, protest 258132–K (New York).

Opinion by Ford, J. The protest was dismissed.

BEFORE THE THIRD DIVISION, NOVEMBER 23, 1955

No. 59485.—Technomat v. United States, protest 247134–K (New York).

Opinion by Ekwall, J. An examination of the official papers failing to disclose any reason for disturbing the finding of the collector, which was presumptively correct, the protest was overruled.

No. 59486.—The Dan Malloy Company v. United States, protest 218642–K (Philadelphia).

Johnson, Judge: The merchandise involved in this case consists of sponges imported from Greece on or about December 28, 1946, entered for consumption at the port of Philadelphia for the account of the plaintiff. The entry was not liquidated until June 30, 1953, at which time duty was assessed at the rate of 15 per centum ad valorem under paragraph 1545 of the Tariff Act of 1930, on the